NO. 07-04-0085-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 15, 2004

_____

ADELAIDA CONTRERAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-001,686; HONORABLE ANDREW KUPPER, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ON MOTION TO ABATE**

Before the court is the State's motion to abate this appeal from a bail reduction hearing. It seeks abatement and remand pursuant to Rule of Appellate Procedure 34.6(e)(3) to supplement the reporter's record with omitted exhibits. The omitted exhibits are the two exhibits introduced by appellant Adelaida Contreras at the hearing. They include offense reports, including witness statements, an officer's probable cause affidavit,

and appellant's criminal history records. The exhibits were introduced without objection and were discussed at the hearing. The reporter's record indicates the exhibits were retained by the trial court judge. The State's motion recites the court reporter and trial court judge have informed the State they do not have the exhibits. The motion also represents the State has sought an agreement with appellant's counsel to reach an agreement to correct the record under Rule 34.6(e)(1), but no response was received.

Pursuant to appellant's affidavit of indigency, the trial court directed that she be furnished a complete reporter's record of the bail reduction proceeding.

Rule 34.6(e)(3) provides that when a "dispute arises" concerning the accuracy of the record after it has been filed in an appellate court, the court may abate the appeal and submit the dispute to the trial court for resolution. The motion and record before us do not reflect a dispute concerning the accuracy of the record. Had the exhibits simply been omitted, either party could request supplementation by the court reporter under Rule 34.6(d). The State's motion represents, however, that the original exhibits are unavailable.

The rule most directly applicable to these facts is Rule 34.6(f), governing lost or destroyed exhibits. That rule also provides for replacement of a lost exhibit by agreement of the parties or, failing that, replacement with a copy determined by the trial court to accurately duplicate the original exhibit. In either event, abatement and remand is necessary for resolution by the trial court.

Accordingly, we hereby abate the appeal and remand the cause to the trial court. Upon remand the trial court immediately shall give notice of and conduct a hearing to

determine: (1) whether the exhibits admitted at appellant's December 18, 2003 hearing are lost or otherwise unavailable for inclusion in the record; (2) if so, whether the parties are able to agree on copies which will accurately reflect the exhibits admitted; and (3) if the parties are not able to agree, whether the exhibits can be replaced with copies that accurately duplicate the exhibits admitted with reasonable certainty. Tex. R. App. P. 31.3, 34.6(f). The hearing shall be transcribed. The trial court shall make findings of fact, conclusions of law, and render such orders as the court may find necessary to cause the filing of a complete appellate record. Those matters shall be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. The trial court shall ensure the supplemental records are filed in this court by August 13, 2004.

Per Curiam

Do not publish.